9

United States District Court
Southern District of Texas
FILED

DEC 0 3 2002

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ESCOBEDO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO: B-02-172 |
| | § | |
| | § | |
| STEPHEN ESSES, M.D., | § | |
| F. A. RICHARD & ASSOCIATES, INC. | § | |
| and JANE ROSAMOND | § | |

## *JOINT REPORT OF MEETING AND JOINT DISCOVERY/ CASE MANAGEMENT PLAN UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 26*

**TO THE HONORABLE JUDGE OF SAID COURT:**

Please be advised that on November 27, 2002, Vaughan E. Waters, counsel for Defendants, F. A. RICHARD & ASSOCIATES, INC. AND JANE ROSAMOND, prepared a "proposed" Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26, and faxed same to Michael R. Cowen, counsel for Plaintiff, JUAN ESCOBEDO; and Jeffrey B. McClure, counsel for STEPHEN ESSES, M.D. On December 2, 2002, Michael R. Cowen, counsel for Plaintiff, JUAN ESCOBEDO, approved the "proposed" Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26 - with no revisions. Furthermore, on December 2, 2002, Jeffrey B. McClure, counsel for STEPHEN ESSES, M.D., advised Vaughan E. Waters, counsel for Defendants, F. A. RICHARD & ASSOCIATES, INC. AND JANE ROSAMOND, that he had some revisions to the "proposed" Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26. Such revisions were made and all counsel were faxed the final draft of the Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil

*Page - 1 -*

Procedure Rule 26. All counsel are in agreement with the final draft of the Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26. Furthermore, all counsel have made arrangements for the disclosures as required by Federal Rule 26 (a)(1), and have developed a proposed discovery/case management plan, which is submitted herein to the Court, as follows:

1. **State where and when the meeting of the parties required by Rule 26 was held, and identify the counsel who attended for each party.**

    As stated above, a "proposed" Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26 was prepared by Vaughan E. Waters and faxed to counsel on the 27th day of November, 2002:

    Michael R. Cowen
    **MICHAEL R. COWEN, P.C.**
    765 E. 7th Street, Suite A
    Brownsville, Texas 78520
    *Counsel for Plaintiff*

    Jeffrey B. McClure
    **ANDREWS & KURTH, L.L.P.**
    600 Travis, Suite 4200
    Houston, Texas 77002
    *Counsel for Defendant, Stephen Esses, M.D.*

    Vaughan E. Waters
    **THORNTON, SUMMERS, BIECHLIN,
       DUNHAM & BROWN, L.C.**
    Bank of America - Suite 1000
    500 N. Shoreline Blvd.
    Corpus Christi, Texas 78471
    *Counsel for Defendants, F.A. Richard & Associates, Inc. and Jane Rosamond*

2. **List the cases related to this one that are pending in any state or federal court, with the case number and court.**

    None.

3. **Briefly describe what this case is about.**

    Plaintiff alleges that Defendants tortiously interfered with his contractual relations. Plaintiff believes that Defendants tortiously interfered with his rights to receive medical benefits

and/or medical treatment under 33 U.S.C. § 907, Longshoremen and Harbor Workers' Compensation Act. Furthermore, Plaintiff believes that Defendants, F. A. Richard and Jane Rosamond, violated Article 21.21 of the Texas Insurance Company. Thus, Defendants deny all of Plaintiff's allegations.

4. **Specify the allegation of federal jurisdiction.**

   Defendants, F. A. Richard & Associates, Inc. and Jane Rosamond, allege that diversity jurisdiction exists under 28 U.S.C. § 1331, 1441 and 1446; the amount in controversy exceeds $75,000.00 exclusive of costs and prejudgment interest.

5. **Name the parties who disagree and the reasons.**

   At this time, there has been no challenge to this Court's jurisdiction due to the fact that a Motion to Remand has not been filed as of the filing of this Joint Report of Meeting and Joint Discovery/Case Management Plan Under Federal Rule of Civil Procedure Rule 26.

   Defendant, Stephen Esses, M.D., does not waive any right to challenge subject matter jurisdiction in the future.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   None known at this time.

7. **List anticipated interventions.**

   None known at this time.

8. **Describe class-action issues.**

   None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   Plaintiff, Juan Escobedo, agrees to serve his initial disclosures by January 6, 2003.

   Defendant, Stephen Esses, M.D., agrees to serve his initial disclosures by January 6, 2003.

   Defendants, F. A. Richard & Associates, Inc. and Jane Rosamond, agree to serve their initial disclosures by January 6, 2003.

10. **Describe the proposed agreed discovery plan, including:**

   a.  Responses to all the matters raised in Rule 26(f).

   See 9, *supra*, and the following:

   b.  When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiff anticipates sending Interrogatories and Requests for Production to Defendants not later than January 31, 2003.

   c.  When and to whom the defendant anticipates it may send interrogatories.

   Defendants anticipate sending Interrogatories and Requests for Production to Plaintiff not later than January 31, 2003.

   d.  Of whom and by when the plaintiffs anticipate taking oral depositions.

   Plaintiff anticipates taking oral depositions of certain representatives of Defendant, F. A. Richard & Associates, Inc., as well as the oral deposition of the Defendant, Jane Rosamond, and of certain individuals or representatives named in Defendants' Rule 26(a) Disclosure, not later than February 28, 2003.

   Plaintiff anticipates taking the oral deposition of Stephen Esses, M.D., not later than February 28, 2003.

   e.  Of whom and by when the defendant anticipates taking oral depositions.

   Defendants anticipate taking oral deposition of Plaintiff and possibly of other individuals to be named in Plaintiff's Rule 26(a) Disclosure, not later than February 28, 3003.

   f.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

   Plaintiff anticipates designating such experts and providing such reports not later than April 28, 2003.

   Defendants anticipate designating responsive experts and providing their reports not later than May 28, 2003.

   The parties agree that no expert report shall be required for an expert testifying solely as a treating physician.

g. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipate taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

Plaintiffs anticipate taking a limited number of expert depositions on liability and damages issues, not later than July 11, 2003.

h. List expert depositions the opposing party anticipates taking and their anticipated completion date.

Defendant anticipates taking a limited number of expert depositions on liability and damages issues, not later than July 30, 2003.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

All parties agree on the discovery plan.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

13. **State the date the planned discovery can reasonably be completed.**

Discovery can reasonably be completed not later than July 30, 2003.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Counsel have agreed to exchange relevant and admissible information timely, and to consider alternative dispute resolution (ADR) at the earliest practicable stage in discovery.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution.**

See 14, *supra*.

16. **From the attorneys' discussions with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

Mediation is a reasonably suitable ADR procedure, and may be effectively used following

completion of written discovery and possibly a brief round of fact and expert witness depositions.

17. **Magistrate judges may hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    All parties do not agree at this time to trial before a magistrate judge.

18. **State whether a jury demand has been made and if it was made on time.**

    A jury demand has been timely made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    Approximately 40 hours (one week).

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    None at this time.

21. **List other pending motions.**

    None at this time.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the Court at the conference.**

    None.

23. **Certify that all parties have filed Disclosures of Interested Parties as directed in the Order of Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.**

    Plaintiff filed a List of Interested Parties with the court on or about October 4, 2002.

    Defendants, F. A. Richard & Associates and Jane Rosamond, filed their Disclosure of Interested Parties with the court on or about October 9, 2002.

    Defendant, Stephen Esses, M.D., filed a Certificate of Interested Parties with the court on or about October 30, 2002.

24. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**PLAINTIFF:**     JUAN ESCOBEDO

Michael R. Cowen
Federal ID No. 19967
State Bar No. 00795306
**MICHAEL R. COWEN, P.C.**
765 E. 7th Street, Suite A
Brownsville, Texas 78520
Tel: 956/541-4981
Fax: 956/504-3674

**DEFENDANT:**     STEPHEN ESSES, M.D.

Jeffrey B. McClure
Federal ID No. 5128
State Bar No. 13428200
**ANDREWS & KURTH, L.L.P.**
600 Travis, Suite 4200
Houston, Texas 77002
Tel: 713/220-4200
Fax: 713/220-4285

**DEFENDANTS:**     F. A. RICHARD & ASSOCIATES AND JANE ROSAMOND

Vaughan E. Waters
Federal ID No. 9206
State Bar No. 20916700
**THORNTON, SUMMERS, BIECHLIN,
  DUNHAM & BROWN, L.C.**
Bank of America - Suite 1000
500 N. Shoreline Blvd.
Corpus Christi, Texas 78471
Tel: 361/884-2037
Fax: 361/884-5239

_____
Michael R. Cowen
*Counsel for Plaintiff,*
*Juan Escobedo*


_____
Jeffrey B. McClure
*Counsel for Defendant,*
*Stephen Esses, M.D.*


_____
Vaughan E. Waters
*Counsel for Defendants,*
*F.A.Richard & Associates and Jane Rosamond*

12/02/2002 17:46 FAX 361 8845239   THORNTON SUMMERS C C                              ☒002
Dec-02-2002 Case 1:02-cv-00172   Document 9   Filed in TXSD on 12/03/2002   Page 9 of 9
04:25pm  From-                                                    T-413  P.002/002  F-282

12/02/2002 17:11 FAX 361 8845239   THORNTON SUMMERS C C                              ☒010

_____
Michael R. Cowen
*Counsel for Plaintiff,*
*Juan Escobedo*

*[signature: Jeffrey B. McClure / by permission MKStrahan SBN 24013584]*

_____
Jeffrey B. McClure
*Counsel for Defendant,*
*Stephen Esses, M.D.*

*[signature]*

_____
Vaughan E. Waters
*Counsel for Defendants,*
*F. A. Richard & Associates and Jane Rosamond*