IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUL 0 2 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| JUAN ESCOBEDO § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. B-02-172 |
| § | JURY |
| STEPHEN ESSES, M.D., § | |
| F.A. RICHARD & ASSOCIATES, INC. § | |
| AND JANE ROSAMOND § | |
| § | |
| Defendants. § | |

### DEFENDANT STEPHEN ESSES, M.D.'S
### FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Stephen Esses, M.D., referred to herein as "Defendant," files this First Amended Answer to the Original Petition filed by Juan Escobedo, referred to herein as the "Complaint," and respectfully shows the Court as follows:

ANSWER

1. This case was originally filed by Juan Escobedo in the 103rd Judicial District of Cameron County, Texas on August 5, 2002. The case was removed by Defendants F.A. Richmond & Associates, Inc. and Jane Rosamond on September 11, 2002. This Defendant was never served with Citation during the pendency of this matter in State Court, but rather was served with a Summons issued by the Clerk of the United States District Court.

2. Defendant neither admits nor denies the statement in Plaintiff's Original Petition Paragraph I "Discovery Control Plan."

3. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first paragraph of Plaintiff's Original Petition, Paragraph II "Parties."

4. Defendant admits the allegations of Plaintiff's Original Petition in Paragraph II "Parties" as to this Defendant's status as a physician residing in Harris County and as to his office address.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third paragraph of Plaintiff's Original Petition, Paragraph II "Parties."

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the fourth paragraph of Plaintiff's Original Petition, Paragraph II "Parties."

7. Defendant denies the allegation in Section III "Venue" of Plaintiff's Original Petition that venue is proper in State Court in Cameron County, Texas as to this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this section of the Petition.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of the first Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of the first Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

10. Defendant denies the allegations of the third sentence of the first Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of the second Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

HOU:2172688.1

12. Defendant denies the allegations of the second sentence of the second Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

13. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of the second Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

14. Defendant denies the allegations of the first sentence of the third Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

15. Defendant denies the allegations of the second sentence of the third Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

16. Defendant denies the allegations of the third sentence of the third Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

17. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of the fourth Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

18.. Defendant denies the allegations of the second sentence of the fourth Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

19. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of the fourth Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

20. Defendant admits the allegations of the first sentence of the fifth Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

21. Defendant denies the allegations of the second sentence of the fifth Paragraph of Section "IV Facts" of Plaintiffs' Original Petition.

22. Defendant denies the allegations of the third sentence of the fifth Paragraph of Section "IV Facts" of Plaintiff's Original Petition.

23. Defendant denies the allegations of the first sentence of the first Paragraph of Section "V Causes of Action" of Plaintiff's Original Petition.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of the first Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the third sentence of the first Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

26. Defendant denies the allegations of the fourth sentence of the first Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

27. Defendant denies the allegations of the fifth sentence of the first Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

28. Defendant denies the allegations of the first sentence of the second Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

29. Defendant denies the allegations of the second sentence of the second Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first sentence of the third Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of the third Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

HOU:2172688.1

32. Defendant denies the allegations of the first sentence of the fourth Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

33. Defendant denies the allegations of the second sentence of the fourth Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of the fifth Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

35. Defendant denies the allegations of the first sentence of the sixth Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

36. Defendant denies the allegations of the second sentence of the sixth Paragraph of Section "V. Causes of Action" of Plaintiff's Original Petition.

37. Defendant denies that Plaintiff is entitled to the relief requested in the prayer of Plaintiff's Petition.

## AFFIRMATIVE DEFENSES

38. Defendant, pleading to the Court only, avails himself of the limitation of civil liability set forth in Article 4590i, § 11.02 of the Vernon's Annotated Texas Civil Statutes.

39. Pleading alternatively, and to the Court only, Defendant avails himself of the limitation on civil liability set forth in Article 4590i, § 11.03 of Vernon's Annotated Texas Civil Statutes.

40. In the unlikely event that Defendant is found liable to the Plaintiff, Defendant affirmatively pleads that he it is entitled to a dollar-for-dollar credit or a percentage scaled offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all settlements arising from Plaintiff's claims and causes of action, as set forth in §33.012 of the Texas Civil Practice and Remedies Code.

HOU:2172688.1

41.   For further answer, Defendant asserts his statutory right to contribution under Texas law in proportion to the percentage of fault, if any, attributable to any other defendant.

42.   To the extent that Plaintiff prays for punitive damages, Defendant invokes his rights under the due process clause of the Fifth Amendment of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Defendant affirmatively pleads that the Plaintiff's pleadings of punitive and/or exemplary damages are violative of the due process clauses of the Fifth and Fourteenth Amendment inasmuch as punitive and/or exemplary damages can be assessed:

   A.   In an amount left to the discretion of the jury and Judge;

   B.   In assessing such sums, the decision of the jury need only be based on vote of ten jurors and does not require a unanimous verdict;

   C.   In assessing such penalty or exemplary awards, plaintiff needs only to prove the theory of gross negligence on a "preponderance of the evidence" standard and not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

   D.   Further, the defendant, who is subject to the award, does not have the right to refuse to testify against himself, but must in fact take the stand and/or give deposition testimony or subject himself to the consequences of a default judgment;

   E.   The assessment of such a punishment and/or exemplary award is not based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no specified standards, limits or other statutory requirements set forth that define the mens rea and scope and limit of such awards. Therefore, the awards are no unduly vague and do not meet the requirements of due process; and

   F.   In essence, the defendant herein is subject to all of the hazards and risks of what amounts to a fine, and in fact, such awards often exceed normal criminal fines, but the defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

39.   Defendant affirmatively alleges that to the extent the Plaintiff prays for punitive damages, such request should be denied as violative of the due process protections guaranteed by the Fifth

6

and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eighth Amendment to the Constitution of the United States, and the Constitution of the State of Texas, Art. 1, §§ 13 and 19 and Art. 3, 10, 11, 12, 13, 14, 15 and 19.

43. Alternatively, for further answer herein, if necessary, Defendant says that the occurrence described in the Plaintiff's petition on file herein was the result of an accident and that such accident was unavoidable within the meaning of that term under the laws of the State of Texas.

44. To the extent Plaintiffs seek recovery for medical bills, expenses and services that were incurred by Defendant, but which were never charged to Plaintiff and thus were never paid or incurred by Plaintiff, Defendant says that Plaintiff is not entitled to recover these amounts.

45. These legal contentions are for the court only: The claims for pre-judgment interest and/or any judgment for same are improper and unenforceable because, in a typical Texas jury charge, the jury is asked what sum of money, if paid now in cash, would fairly and reasonably compensate the plaintiff for his damages. Since the damages were incurred at some time prior to trial, but the jury is asked to assess the damages in present day dollars as of the date of trial, the jury has already presumptively factored in the time value of the money from the date of the verdict. That is true because the jury's award is defined to include, by clear and unmistakable implication, the accrued interest on the damage amount up through the date of trial. Thus:

(a) in awarding pre-judgment interest on top of the jury award, the court would be awarding the plaintiff a double recovery on his damages, if any:

(b) the award of pre-judgment interest as a double as a double recovery to the plaintiff for his alleged damages is violative of the Eighth Amendment to the Constitution of the United States (as applied through the Fourteenth Amendment), as a potentially excessive fine; and

(c) the award of pre-judgment interest as a double recovery to the plaintiff for his alleged damages constitutes a taking of property from the defendant without due

7

process of law or in due course of law, in violation of the equal rights of defendant and in contravention of the protections of same as contained in the Fourteenth Amendment to the Constitution of the United States, as well as the Texas Constitution.

46. Pleading additionally or in the alternative, without waiver of the foregoing, this Defendant would show that any injuries, damages or liabilities complained of by Plaintiff herein are the result in whole or in part of pre-existing conditions, injuries, diseases and disabilities or subsequent conditions, injuries, diseases or disabilities of Plaintiff and are not the result of any act or omission on the part of this Defendant.

47. If Plaintiff was injured, then Plaintiff's injuries resulted from a superseding and intervening cause or a new and independent cause not presently known to Defendant and not reasonably foreseeable by Defendant which became the immediate and efficient cause of Plaintiff's alleged injuries and/or the sole cause of the Plaintiff's alleged injuries.

48. Pleading to the Court only, Defendant specifically asserts that to the extent that he has written off his own charges for medical care for the Plaintiff and/or paid charges for medical care for the Plaintiff in connection with the injuries made the basis of this suit, in the unlikely event that Plaintiff obtains a final judgment against Defendant, he would respectfully show that he is entitled to a credit and/or offset for the total amount of such write-offs and/or expenditures incurred and paid by him and accruing to Plaintiff.

49. Pleading to the Court only, Defendant respectfully asserts the protections afforded by § 9.03 of Art. 4590(i) of the Texas Revised Civil Statutes Annotated with regard to the total amount of such write-offs and expenditures incurred by and/or paid by Defendant and accruing to Plaintiff in connection with this lawsuit.

50. As authorized by Rule 93 of the Texas Rules of Civil Procedure, Defendant specifically denies that he was the employer of or principal for any physician whether named as a Defendant or not. Defendant denies that he is liable to Plaintiff in this capacity.

51. To the extent Plaintiff seeks punitive damages, Defendant invokes the limitations and restrictions on punitive and exemplary damages found in Chapter 41 of the Tex. Civ. Prac. & Rem. Code Ann., including § 41.008.

52. Defendant pleads the immunities and protections of 42 U.S.C. 11101-11152 (Supp. 1987) for all professional review actions taken, to the extent that such actions or the result thereof are the subject-matter of the claims being made in this case.

53. Defendant pleads the immunities and protections of § 160 *et seq.* of the Texas Occupations Code (formerly Art. 4495b, § 5.06, Tex. Rev. Civ. Stat. Ann.) and § 161.032 of the Texas Health & Safety Code Ann. for all peer review actions taken, to the extent that such actions or the result thereof are the subject-matter of the claims being made in this case.

54. Defendant hereby raises and asserts the bar contained in Art. 4590i against claims for medical negligence brought under the Texas Deceptive Trade Practices Act and the common law bar against the existence of any implied warranty of good and workmanlike performance in the rendition of professional services.

55. Defendant hereby raises and asserts the bar contained in § 26.01(b)(8) of the Texas Business and Commerce Code rendering any oral representations regarding medical care or the results thereof unenforceable.

56. Defendant hereby invokes the limitations of common law under Art. 4590i on the doctrine of res ipsa loquitur.

57. To the extent that it applies under the facts of this case, Defendant hereby invokes the doctrine of sudden emergency.

58. Defendant will further show that the joint and several liability provisions of § 33.013, Tex. Civ. Prac. & Rem. Code Ann. (formerly Article 2212a, Tex. Rev. Civ. Stat. Ann.)

HOU:2172688.1

and the joint and several liability provisions of common law, if any, are illegal and unconstitutional and void in all respects.

59.     Defendant would show that this action, in whole or in part, is barred by the applicable statutes of limitation.

60.     Defendant would show that Plaintiff's claims against Defendant fail as a matter of law based on absolute quasi-judicial immunity and/or absolute privilege.

61.     Defendant would show that this action, in whole or in part, is preempted by the Longshore and Harbor Workers' Compensation Act.

62.     Defendant would show that this action, in whole or in part, is barred by judicial estoppel.

63.     Defendant would show that Plaintiff's claims fail as a matter of because Defendant was legally justified and/or privileged in any alleged acts.

64.     Defendant would show that Plaintiff's claims fail as a matter of based on waiver.

65.     The Complaint fails to state any claim upon which relief can be granted against Defendant.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that upon final trial and hearing thereof, that the Plaintiff take nothing against him, but that he go hence without day and recover his costs and for such other and further relief to which Defendant may show himself justly entitled, both at law and in equity.

HOU:2172688.1

Respectfully submitted,

ANDREWS & KURTH L.L.P.

BY: _____
Jeffrey B. McClure
State Bar No. 13428200
Federal ID: 5128
600 Travis, Suite 4200
Houston, Texas 77002
(713) 220-4772
(713) 220-4285 (Fax)

ATTORNEY-IN-CHARGE FOR DEFENDANT,
STEPHEN ESSES, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served in accordance with the Federal Rules of Civil Procedure, on this the 1st day of July, 2003.

Mr. Michael R. Cowen
Michael R. Cowen, P.C.
765 E. 7th Street, Suite A
Brownsville, Texas 78520

Mr. Vaughn E. Waters
Thornton, Summers, Biechlin, Dunham & Brown, L.C.
Bank of America, Suite 1000
500 North Shoreline Boulevard
Corpus Christi, Texas 78471

_____
Jeffrey B. McClure

11

HOU:2172688.1