IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 0 2 2003

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| JUAN ESCOBEDO | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. B-02-172 |
| STEPHEN ESSES, M.D., | § | |
| F.A. RICHARD & ASSOCIATES, INC. | § | |
| AND JANE ROSAMOND | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT STEPHEN ESSES, M.D.'S RESPONSE TO
PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT**

Defendant Stephen Esses, M.D. ("Dr. Esses") files this Response to Plaintiff's Motion for Relief from Judgment. In support thereof, Dr. Esses respectfully shows the Court as follows:

**I. INTRODUCTION AND SUMMARY**

1. On August 2, 2002 (the "Commencement Date"), Juan Escobedo ("Plaintiff") commenced the above-referenced lawsuit (the "Litigation"), alleging, *inter alia*, tortious interference with contract and negligence. Since the Commencement Date, Plaintiff has taken no action in the prosecution of his case other than serving a single set of discovery requests. Plaintiff has not named any expert witnesses, and the only piece of evidence upon which he relies in support of his claims in the Litigation is the expert report required by Article 4590i of the Texas Revised Civil Statute (the "4590i Report"), which he did not serve on Dr. Esses until after the Motion for Summary Judgment had been filed.

2. On September 2, 2003, the Court entered an Order on Defendant F.A. Richard & Associates, Inc. and Jane Rosamond's Unopposed Motion for Continuance (the "Continuance

HOU:2243708.2

Order")[1]. The Continuance Order contains an express reminder to the parties, including Plaintiff, of the rules governing motion practice in this Court which deem unresponded-to motions to be unopposed.

3. On August 5, 2003, Dr. Esses filed his Motion for Summary Judgment and Brief in Support (the "Motion for Summary Judgment"). Pursuant to the Local Rules for the Southern District of Texas (the "Local Rules"), Plaintiff was required to file a response to this pleading by August 25, 2003 or the Motion for Summary Judgment would be deemed unopposed. Plaintiff did not file a response to the Motion for Summary Judgment as required by the Local Rules.[2] Accordingly, the Court entered an Order granting Dr. Esses' Motion for Summary Judgment on October 16, 2003 (the "Summary Judgment Order"). In the Summary Judgment Order, the Court found the Motion for Summary Judgment to be unopposed due to Plaintiff's failure to file a response. Additionally, the Court noted:

> "[t]his Court even went so far as to remind counsel in its Order of September 2, 2003, that motions for which there is no response are deemed unopposed. Yet counsel did not heed that warning. No response to either motion was filed by the response date(s). Indeed no response to either motion has ever been filed. Consequently, these motions, pursuant to the Rules, are unopposed."

4. On November 12, 2003, Plaintiff filed his Motion for Relief from Judgment (the "Relief Motion"), seeking relief from the Summary Judgment Order on the ground that the judgment was entered due to the mistake of his counsel, which constitutes excusable neglect. According to the Relief Motion, Plaintiff's counsel relied upon a "local custom" rather than referring to the Local Rules in determining the response date for the Motion for Summary

---

[1] A true and correct copy of the Continuance Order is attached hereto as Exhibit "A".

[2] Nor did Plaintiff respond to co-defendants' F.A. Richard & Associates, Inc. and Jane Rosamand's Motion for Summary Judgment.

Judgment, despite the reminder in the Continuance Order that the Local Rules govern motion practice in this Court.

5.  The Summary Judgment Order was properly entered and should not be set aside. Plaintiff counsel's ignorance of the Local Rules is not excusable neglect. Moreover, Plaintiff's counsel was hardly unaware of the Local Rules provisions regarding unopposed motions after the Court's explicit warning in the Continuance Order. Furthermore, vacatur of the Summary Judgment Order would significantly prejudice Dr. Esses, who has considerably reduced the extent of his trial preparation in reliance upon the Summary Judgment Order and the Final Judgment entered on October 16, 2003. Finally, as demonstrated by Plaintiff's failure to prosecute this case and the lack of any admissible evidence in support of his alleged claims against Dr. Esses, Dr. Esses would have prevailed on his Summary Judgment Motion had Plaintiff taken the time to file a responsive pleading in accordance with the Local Rules. Therefore, from a substantive standpoint, the grant of the relief requested in the Motion for Summary Judgment was proper.

## II. ARGUMENT AND AUTHORITIES

A.  **Ignorance of the Local Rules does not constitute "excusable neglect" under Rule 60(b) controlling authority.**

6.  According to the Supreme Court and the Court of Appeals for the Fifth Circuit, ignorance of the Local Rules does not constitute excusable neglect.[3] Yet ignorance of the Local Rules is the crux of Plaintiff's request for relief from the Summary Judgment Order.

---

[3] *Pioneer Inv. Servs. Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 392 (1993). *See also Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984) (stating that in order to have relief under Rule 60(b)(1), a party must "make some showing of why he was justified in failing to avoid mistake or inadvertence. Ignorance of the rule is not enough, nor is ignorance of the law."); *In re Lyman*, 254 B.R. 517, 520 (Bankr. D. Conn. 2000) ("It is well established that counsel's ignorance of the rules, or mistakes in construing the rules do not usually constitute excusable neglect"); *United States v. Belanger*, 598 F. Supp. 598, 600 (D. Maine 1984) ("Ignorance of the rules of court is not a 'unique or extraordinary circumstance' constituting 'excusable neglect' under Rule 60(b)").

7. Plaintiff asserts that his counsel failed to file a response to the Motion for Summary Judgment due to his alleged reliance upon a "local custom" which would have permitted responsive pleadings to be filed up until the day before a scheduled hearing on the Motion for Summary Judgment. Interestingly, Plaintiff can cite to no authority in support of this alleged "local custom." The only applicable rules addressing whether and when to file a responsive pleading in this Court are contained in the Local Rules, which clearly provide that a responsive pleading must be filed within **twenty days** of a motion's filing or such motion will be deemed to be unopposed. Specifically, Local Rule 7 provides that "[o]pposed motions will be submitted to the judge *twenty days from filing* without notice from the clerk and without appearance by counsel." L.R. 7.3 (emphasis added). Responses to motions must be filed by the date that the motion is submitted to the judge. L.R. 7.4(A). "Failure to respond will be taken as a representation of no opposition." L.R. 7.4. Dr. Esses filed his Motion for Summary Judgment on August 5, 2003. Accordingly, Plaintiff's response was due on August 25, 2003. No such responsive pleading was filed and this Court rightfully treated the Motion for Summary Judgment as unopposed.

8. The Local Rules govern motion practice in this Court, and it is the Local Rules to which Plaintiff's counsel should have referred in calculating the date upon which a response to the Motion for Summary Judgment was due. Plaintiff counsel's failure to consult the Local Rules—or blatant disregard for the Local Rules in favor of an unofficial and undocumented "local custom"—is an insufficient basis upon which to grant relief from the Summary Judgment Order according to Supreme Court and Fifth Circuit precedent.

9. Moreover, the Court warned Plaintiff's counsel of the ramifications of failing to file responsive pleadings in accordance with the Local Rules on at least one occasion prior to the

4

HOU:2243708.2

response deadline for the Motion for Summary Judgment. The Court refers to this warning in the Summary Judgment Order, stating: **"[t]his Court even went so far as to remind counsel in its Order of September 2, 2003, that motions for which there is no response are deemed unopposed. Yet counsel did not heed that warning."**[4] Despite such warning, Plaintiff's counsel apparently continued to rely on its alleged "local custom" and ignored the Court's directive to follow the Local Rules. Such blatant disregard of the Court's instructions negates a finding of excusable neglect.[5]

**B.     The Supreme Court's excusable neglect factors weigh in favor of denying Plaintiff's request for relief from the Summary Judgment Order.**

10.     The Supreme Court has set forth factors to be considered in determining the existence of excusable neglect.[6] Among these factors are: (i) danger of prejudice to the non-movant, (ii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iii) whether the movant acted in good faith[7]. An analysis of the facts of the present case under these factors indicates that Plaintiff's failure to respond to the Motion for Summary Judgment was not the result of excusable neglect.

11.     Vacating the Summary Judgment Order would significantly prejudice Dr. Esses. The discovery deadline is December 31, 2003 and the trial is presently scheduled to begin on February 5, 2004. The Summary Judgment Order and the Final Judgment[8] were entered on

---

[4] A true and correct copy of the Summary Judgment Order is attached hereto as Exhibit "B."

[5] *See Cintron-Lorenzo v. Departmento de Asuntos Del Consumidor*, 312 F.3d 522, (1st Cir. 2002) (upholding dismissal of case in which plaintiff failed to respond to dismissal motions after district court had repeatedly warned plaintiff of the risk of dismissal for want of prosecution); *Casio Computer Co., Ltd. v. Noren*, 35 Fed. Appx. 247, 250 (7th Cir. 2002), *unpublished order*, (holding no excusable neglect where party failed to file timely answer despite court's warnings that such failure would result in default judgment); *Eleganze Auto Paint & Bodyworks, Inc. v. Maaco Enterprises*, 14 Fed. Appx. 992, (9th Cir. 2001) (denying request to void default judgment where party was warned about default at prior status conference).

[6] *See Pioneer Investment.*, 507 U.S. at 395.

[7] *See id.*

[8] A true and correct copy of the Final Judgment is attached hereto as Exhibit "C."

October 16, 2003. Dr. Esses has relied on these Orders with respect to the focus and extent of his trial preparation. Moreover, Plaintiff fostered this reliance by waiting almost an entire month after these Orders were entered to file his Relief Motion. Requiring Dr. Esses to rejoin the Litigation at this time would, therefore, significantly disadvantage him in the Litigation. Accordingly, the prejudice factor weighs in favor of denying Plaintiff's request for relief from judgment.

12. Similarly, each of the remaining factors also weighs against granting the relief requested by Plaintiff. As discussed above, the reason for the delay—Plaintiff's decision to follow "local custom" despite repeated warnings to abide by the Local Rules—was completely within Plaintiff's control. Additionally, Plaintiff counsel's reliance upon "local custom" in the face of this Court's multiple instructions to the contrary suggests a lack of good faith. Accordingly, both of these factors weigh against a finding of excusable neglect.

C. **Plaintiff will not succeed on the merits if the Summary Judgment Order is vacated.**

Notwithstanding that the Summary Judgment Order is essentially a default judgment, Dr. Esses would have prevailed on the merits had Plaintiff filed a response to the Motion for Summary Judgment. As discussed in the Motion for Summary Judgment, Plaintiff has not designated a single expert witness in this medical malpractice case. Moreover, Plaintiff has only recently come forward with the 4590i Report[9], which is inadmissible.[10] Essentially, other than sending out a single set of discovery requests, Plaintiff has taken no steps to prosecute this case. Accordingly, the Summary Judgment Order was properly entered and should not be vacated on technical grounds.

---

[9] Dr. Esses had not been served with the 4590i Report at the time he filed the Motion for Summary Judgment. This is, in fact, one of the grounds asserted by Dr. Esses in support of the Motion for Summary Judgment.

[10] Texas Revised Civil Statute Art. 4590i §13.01(k)(2).

## III. CONCLUSION AND PRAYER

13. The relief requested in Plaintiff's Relief Motion should be denied. Plaintiff's failure to file a response to the Motion for Summary Judgment is not a result of excusable neglect. Additionally, Dr. Esses' ability to successfully defend himself in the Litigation will be significantly undermined if he is required to rejoin the Litigation at this time in light of the amount of time that has passed since the Summary Judgment Order was entered. Finally, Dr. Esses would have prevailed on the merits had Plaintiff filed a timely response to the Motion for Summary Judgment in accordance with the Local Rules.

WHEREFORE, PREMISES CONSIDERED, Dr. Esses respectfully requests that this Court deny the relief requested in Plaintiff's Motion for Relief from Judgment with prejudice and grant such other and further relief to which he may be entitled.

Respectfully submitted,

ANDREWS KURTH LLP

By: _____
Jeffrey B. McClure
State Bar No. 13428200
600 Travis Street, Suite 4200
Houston, Texas 77002-3090
(713) 220-4772 (Telephone)
(713) 220-4285 (Telecopier)

ATTORNEYS FOR DEFENDANT,
STEPHEN ESSES, M.D.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon counsel of record by facsimile transmission and by placing a copy thereof in the United States mail, postage prepaid, certified, return receipt requested, on this 1st day of December, 2003, addressed as follows:

Michael R. Cowen
Michael R. Cowen, P.C.
520 E. Levee Street
Brownsville, Texas 78520

Vaughn E. Waters
Thornton, Summers, Biechlin, Dunham & Brown, L.C.
Bank of America, Suite 1000
500 North Shoreline Blvd.
Corpus Christi, Texas 78471

*Allison R. Comment*
Allison R. Comment

25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

SEP 0 2 2003

Michael N. Milby,
By Deputy Clerk

| | | |
|---|---|---|
| JUAN ESCOBEDO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-172 |
| | § | |
| STEPHEN ESSES, M.D., | § | |
| F.A. RICHARD & ASSOCIATES, INC. | § | |
| and JANE ROSAMOND | § | |

### ORDER ON DEFENDANTS F.A. RICHARD & ASSOCIATES, INC. AND JANE ROSAMOND'S UNOPPOSED MOTION FOR CONTINUANCE

On this 2nd day of September, 2003, came on for consideration the Unopposed Motion for Continuance of Defendants F.A. RICHARD & ASSOCIATES, INC. and JANE ROSAMOND. Upon due consideration of the said motion, this Court is of the opinion that said motion should be, and is hereby, **GRANTED**.

IT IS, THEREFORE, ORDERED that this cause be removed from its present setting of docket call for September 30, 2003 and jury selection for October 2, 2003. This case is now reset for final pretrial on January 29, 2004 at 1:30 p.m. with jury selection to be on February 5, 2004 at 9:00 a.m. No further continuances will be allowed except under extraordinary circumstances, the likes of which this Court cannot fathom. The joint pretrial order is due on January 16, 2004. Discovery may continue through December 31, 2003. Counsel are reminded of the rules which deemed unresponded to motions as being unopposed.

Andrew S. Hanen
United States District Judge



28

United States District Court
Southern District of Texas
ENTERED

OCT 1 6 2003

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN ESCOBEDO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-172 |
| | § | Jury |
| STEPHEN ESSES, M.D., | § | |
| F.A. RICHARD & ASSOCIATES, INC. | § | |
| and JANE ROSAMOND | § | |

## ORDER

On the 5th day of August, 2003, the defendant Stephen Esses, M.D. filed his Motion for Summary Judgment. On September 9, 2003, the defendants F.A. Richard & Associates, Inc. and Jane Rosamond filed their Motion to Dismiss, or Alternatively Motion for Summary Judgment. Local Rules 7.3 and 7.4 of the Southern District of Texas state that a motion will be submitted to the judge twenty days after filing (August 25, 2003 and September 29, 2003, respectively, in this case) and that the failure to respond will be taken "as a representation of no opposition." Rule 7.4(a) plainly states that such responses must be filed by the submission date. This Court even went so far as to remind counsel in its Order of September 2, 2003, that motions for which there is no response are deemed unopposed. Yet counsel did not heed that warning. No response to either motion was filed by the response date(s). Indeed, no response to either motion has ever been filed. Consequently, these motions, pursuant to the Rules, are unopposed. That being the case, this Court hereby grants the defendants' motion for summary judgments.

Signed this 14th day of October, 2003.

Andrew S. Hanen
United States District Judge



29

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED
OCT 16 2003
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| JUAN ESCOBEDO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. B-02-172 |
| | § | Jury |
| STEPHEN ESSES, M.D., | § | |
| F.A. RICHARD & ASSOCIATES, INC. | § | |
| and JANE ROSAMOND | § | |

### FINAL JUDGMENT

On the 14th day of October, 2003, the Court having granted each of the Defendant's Motion for Summary Judgment hereby enters this final take nothing judgment.

It is therefore ordered that the Plaintiff take nothing in this action. All costs are to borne by the party incurring same.

Signed this 14th day of October, 2003.

Andrew S. Hanen
United States District Judge

